ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

OMEIL NOVADO MORGAN A.K.A. RAS NAGROM



RECEIVED
MAR 0 4 2013
PRO SE OFFICE

**COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiff,

- against –

THE CITY OF NEW YORK; RAYMOND W. KELLY,
COMMISSIONER OF THE CITY OF NEW YORK
DEPARTMENT OF POLICE;
OFFICER JOSEPH KAZLAS, shield no. 7769;
OFFICER CALEEF MCCLEAN, Tax no. 942157
OFFICER MATCHEL, shield no. 16928
OFFICER RAHMAN, shield no. 28165
SERGEANT WOROBEY, NYPD 079th precinct
POLICE OFFICER ONE, NYPD 079TH precinct
Defendants.
-----------------------------------------------------------------X

CV 13 - 1215

KUNTZ, J.

## PRELIMINARY STATEMENT

The Pro Se Plaintiff, OMEIL MORGAN, pursuant to provisions of 28 U.S.C. §

1654, Complaint against defendants' THE CITY OF NEW YORK; RAYMOND W.

KELLY;OFFICER JOSEPH KAZLAS; OFFICER CALEEF MCCLEAN; OFFICER

MATCHEL, shield no. 16928; SERGEANT WOROBEY, NYPD 079th precinct;

OFFICER RAHMAN, shield no. 28165; POLICE OFFICER ONE, NYPD 079TH

precinct, respectfully set forth upon information known, and belief, allege that:

1.   Plaintiff alleges, this is a civil rights action for equitable relief and money

damages pursuant to 42 U.S.C. §§§§ 1983, 1981(a)(c), and 1988(a)(c), in order

vindicate the rights of a law-abiding New York City resident to be free from

unconstitutional and unlawful stop and frisk by members of the City of New York

Police Department violating his rights to the United States Constitution.

2.   The New York City Police Department's Stop, Question and Frisk program has grown over 700% over the past decade and has become one of the cornerstone policies of law enforcement in the city.  The controversy of constitutionality surrounding this program has grown alongside it, with the legitimacy of the program questioned in a multitude of articles, reports, lawsuits.  The data released to the City Council by the New York City Police Department (NYPD) summarizing stop-and-frisk statistics for 2011 shows highest yearly total stops to date – 684,330 – with no meaningful change in huge racial disparities. This total is 14 percent higher than the number of stops in 2010, and it represents a more than 600 percent increase since 2002, the year the NYPD began keeping stop-and-frisk figures. Eighty-seven percent of those stopped in 2011 were Black or Latino, and the abysmally low rates of correlation between stops and actual arrests persist: nine out of ten persons stopped were not arrested, nor did they receive summonses.

3.   Of the nearly 2.5 million or roughly 500,000 per year people stop-and-frisks that NYPD conducted in 2005 to 2009, nearly 90% were engaged in entirely lawful activity, as they were neither arrested nor issued a summons.  Members of the minority communities are bearing the brunt of these NYPD practices, with Blacks and Latinos being the target of nearly 90% of NYPD stops.

4.   The NYPD is using its sweeping stop-and-frisk operation to build a massive database of law-abiding, Blacks and Latinos, New York City residents.  After conducting stops and frisk, police officers complete forms that, among other things, include the name and address of the person stopped, and that information is then entered into a centralized NYPD database.  As a result of this practice and the surge of stops and frisks over the last several years, the NYPD now has a database of hundreds of thousands if not more than millions of law-abiding New Yorkers, like

plaintiff who is now at risk of becoming the subject of criminal investigations by virtue of being in the database.

5.   Plaintiff alleges, it is alleged that the individual police officers' violated, through their actions against plaintiff, his rights under the Fourth Amendments to the United States Constitution.  It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

### Parties

6.   Plaintiff, Omeil Novado Morgan, is a 34-year-old Black man and a member of faith in HIS IMPERIAL MAJESTY EMPEROR HAILE SELASSIE I (RASTAFARIAN).  Mr. Morgan wears a turban as a Priest in the ancient priesthood order of Melchisedec, in his way of living a spiritual life through our HOLY FATHER SUPREME.  Mr. Morgan was born in Jamaica and is a naturalized Citizen of the United States of America.  Mr. Morgan is an entrepreneur, a freelance photographer, and a seasonal mover.

7.   Defendant THE CITY OF NEW YORK is a municipal corporation duly incorporated and existing pursuant to laws of the State of New York.  The City of New York has established and maintains the New York City Police Department (NYPD) as a constituent department or agency.

8.   Defendant RAYMOND W. KELLY, ("Commissioner Kelly") is chief executive officer of the police force; as such he shall be chargeable with and responsible for the execution of all laws and the rules and regulations of the department.  Commissioner of the City of New York Police Department is empowered under Section 434 of the City Charter to regulate the City Police Department.  He is being sued in his official capacity.

9.    Defendant Police Officer JOSEPH KAZLAS, shield no. 7769, NYPD's 079th precinct, 263 Tompkins Avenue, Brooklyn, NY, 11221, is or was an employee of the NYPD at all relevant times.  He is sued in his official and individual capacities.

10.    Defendant Police Officer CALEEF MCCLEAN, Tax no. 942157, NYPD's 079th precinct, 263 Tompkins Avenue, Brooklyn, NY, 11221, is or was an employee of the NYPD at all relevant times.  He is sued in his official and individual capacities.

11.    Defendant Police Officer MATCHEL, shield no. 16928, NYPD's 079th precinct, 263 Tompkins Avenue, Brooklyn, NY, 11221, is or was an employee of the NYPD at all relevant times.  He is sued in his official and individual capacities.

12.    Defendant Police Officer RAHMAN, shield no. 28165, NYPD's 079th precinct, 263 Tompkins Avenue, Brooklyn, NY, 11221, is or was an employee of the NYPD at all relevant times.  He is sued in his official and individual capacities.

13.    Defendant Police Sergeant Worobey, NYPD's 079th precinct, 263 Tompkins Avenue, Brooklyn, NY, 11221, is or was an employee of the NYPD at all relevant times.  He is sued in his official and individual capacities.

14.    Defendant Police Officer ONE  (Black male officer who request license from plaintiff) was on patrol with other defendants, NYPD's 079th precinct, 263 Tompkins Avenue, Brooklyn, NY, 11221, is or was an employee of the NYPD at all relevant times.  He is sued in his official and individual capacities.

**Facts**

The Stop, Question, and Frisk Program

15.    Police stops-and-frisks without reasonable suspicion violate the Fourth Amendment, and racial profiling is a violation of fundamental rights and protections of the Fourteenth Amendment and the Civil Rights Act of 1964.  In recent years, the New York City Police Department's Stop, Question, and Frisk program has grown

into a controversial cornerstone of police activity in New York.  In the last 10 years

alone, the program has grown sevenfold, from 97,296 stops in 2002 to nearly 600,000

stops in 2011.  The controversy surrounding this program has grown with it, with

activists, news organizations, and others focusing substantial attention on the program

and calling for reform on a variety of issues related to the program.  Controversial

aspects of the program include the alleged pervasive use of racial profiling and a

widespread pattern of stops being made without adequate legal justification.

16.    One of the most controversial aspects is the apparent racial bias in the targeting

of both neighborhoods and individuals.  This controversy has been extensively

covered by major media outlets and other news organizations and has culminated in

multiple lawsuits, including *Floyd v. City of New York,* a class action pending in the

Southern District of New York that seeks to enjoin the program in its current form on,

among other bases, the racial imbalances in its execution (Exhibit 3).  The NYPD's

most recent data demonstrate these racial disparities, showing that while the

population of New York City is only 54 percent Black or Hispanic, over 87 percent of

those stopped were Black or Hispanic.  This racial imbalance in the implementation of

the Stop, Question, and Frisk program extends beyond the individuals stopped to the

neighborhoods targeted for enforcement.  For example, each of the four most active

precincts for Stop, Question, and Frisk activity has a population that is majority Black

and Hispanic.

17.    On December 28, 2011, at approximately 12:15pm, Omeil N. Morgan and co-

worker Oridian Beadle, were lawful New York City residents who had finished

moving job at 488 Greene Avenue by the corner of Nostrand Avenue, in Brooklyn,

New York

18.   Plaintiff and Oridian Beadle got in motor vehicle parked across from 488 Greene. Plaintiff (the driver) indicated to pull out of parking; however, with much traffic moving down Greene Avenue, Plaintiff waited for time to pull out of parking space. While waiting, a police van drove passed to stop behind vehicle at traffic light. When the light changed, the police van drove-off to stop in cross-walk at Nostrand Avenue.

19.   Plaintiff alleges, shortly, thereafter defendant Sergeant Worobey approach truck as plaintiff is waiting to pull out of parking. Sergeant Worobey came to passenger side that Oridian Beadle opened door to hear what officer was questioning, while all of the other defendants officers came out of their mark patrol van. Sergeant Worobey asked if we had seen anyone running in the area as he stated there was a robbery, we answered no and further explained we had just finished a moving job across the street.

20.   Plaintiff alleges, as other defendant officers surrounded motor vehicle, Sergeant Worobey stated he smelled marihuana and stated it's against penal code 221.05. Further, Sergeant Worobey then told Oridian Beadle to step out of the motor vehicle and led him to driver side window. Plaintiff, with truck still running, asked officers if they were following protocol, based on how aggressive officers' were conducting themselves. Then, POLICE OFFICER ONE, who plaintiff can not identify, asked plaintiff for driver license, which plaintiff asked why he was being stopped and furnished to officer without getting reason or cause of stop.

21.   Plaintiff alleges, officer Kazlas, started to question plaintiff on having marihuana in company vehicle. Plaintiff declined to answer officer Kazlas line of questioning through repeatedly asking if they were following the law. As a result, officer Kazlas removed an iphone from his pocket while still questioning plaintiff. As a result of being interrogated and asking the Officer to stop, plaintiff asked if he could

take out his camera to photograph the incident, the officers didn't say anything. As a result of the incident, Mr. Morgan photographed the officers' actions while being questioned and recorded by officer Kazlas who while recording also passed iphone to OFFICER MATCHEL (Exhibits 4 – 14).

22. Plaintiff alleges, after being recorded while questioned and repeatedly asking officers to stop, Mr. Morgan called 911 at 12:27pm out of fear of the Officers' actions as he felt they were abusing their power. Due to the defendants' police officers refusal to aid him, plaintiff calling emergency was his only hope for help.

23. Plaintiff alleges, as a result of his call to 911, plaintiff could hear the operator over the radio of the officers on the scene. As a result, the Officers backed done with their aggressive measures.

24. Plaintiff alleges, in response, Officer Kazlas gave summons #433564403-6 for unlawful possession of marihuana (PL 221.05). Plaintiff protested the summons that was issued to him as he did not have any marihuana in his possession.

25. Plaintiff alleges, the defendants' officers never searched him or the truck that he was driving. Further more, Officer Kazlas claimed he found marihuana and conspired with Sergeant Worobey before issuing summons.

26. Plaintiff alleges, after receiving summons, plaintiff asked Sergeant Worobey if there is proof that he can have for the evidence that Sergeant Worobey said was going to be sent to the lab to verify it is marihuana (Exhibits 4 - 14). Plaintiff not satisfied with response from Sergeant Worobey in stating they were not going back to precinct after leaving scene. As a result, plaintiff drove at a distance behind defendants' police officers to the City of New York Police 79th Precinct, where he parked and went inside 79th Precinct to speak with Sergeant Worobey in seeing and photographing the evidence claimed to have been found in the truck by Officer Kazlas.

27.  Plaintiff alleges, at no time during the events described above, plaintiff was not found using or in possession of marihuana, intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly.  He had not committed any criminal offenses.

28.  Plaintiff alleges, the defendant police officers had no probable cause for the Stop and Questions of the plaintiff, as plaintiff protested being searched.  Officer Kazlas issued the summons even though he had no basis for believing that plaintiff had done anything unlawful.  The summons was issued maliciously and without probable cause.

29.  Plaintiff alleges, at all times during the events described above, the defendant police officers were engaged in a joint venture.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

30.  Plaintiff alleges, as result of the incident, he could hardly sleep for a number of days, and as a result of the incident, his heart races with anxiety and apprehension whenever he encounters police officers when he is working or not working.

31.  Plaintiff alleges, as a result of incident, he filed complaint, with Civilian Complaint Board (Exhibit 1).

32.  Plaintiff alleges, as a result of the incident, summons required him to appear in Criminal Court of the City of New York County of Kings. His summons was ultimately dismissed on March 23, 2012 (Exhibit 2), after his second court appearance.

33.  Plaintiff alleges, on December 31, 2011 he filed complaint with Internal Affairs Bureau # 11-60430.

34.  Plaintiff alleges, On March 9, 2012, he served a notice of claim (Exhibit 3), upon the Comptroller of the City of New York, pursuant to 50-e of the New York General Municipal Law.

35. Plaintiff alleges, upon information and belief, the violation of his rights resulted from the improper training of OFFICER JOSEPH KAZLAS; OFFICER CALEEF MCCLEAN; OFFICER MATCHEL, shield no. 16928; SERGEANT WOROBEY, NYPD 079th precinct; OFFICER RAHMAN, shield no. 28165; POLICE OFFICER ONE, NYPD 079TH precinct. Upon information and belief, it was the policy and/or custom of the City of New York to improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York, including, but not limited to, plaintiff's incident.

## JURISDICTION AND VENUE

36. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(3)-(4);

37. This Court has supplemental jurisdiction over all state constitutional and state law claims pursuant to 28 U.S.C. § 1367 (a);

38. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that Plaintiff's claims arises in the Eastern District of New York.

## CAUSES OF ACTIONS

### COUNT I
### MONELL CLAIM IN VIOLATION OF 42 U.S.C. § 1983

39. Plaintiff re-alleges Paragraphs 1 through 38 and incorporates them by reference as Paragraphs 1 through 38 of Count I of this Complaint.

40. Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY;OFFICER JOSEPH KAZLAS; OFFICER CALEEF MCCLEAN; OFFICER MATCHEL, shield no. 16928; SERGEANT WOROBEY, NYPD 079th precinct; OFFICER RAHMAN, shield no. 28165; POLICE OFFICER ONE, NYPD 079TH precinct, caused plaintiff injuries.

41.   Plaintiff alleges that defendants' THE CITY OF NEW YORK; OFFICER
JOSEPH KAZLAS; OFFICER CALEEF MCCLEAN; OFFICER MATCHEL, shield
no. 16928; SERGEANT WOROBEY, NYPD 079th precinct; OFFICER RAHMAN,
shield no. 28165; POLICE OFFICER ONE, NYPD 079TH precinct, actions were taken
under color of law.

42.   Plaintiff alleges that defendants' THE CITY OF NEW YORK; OFFICER
JOSEPH KAZLAS; OFFICER CALEEF MCCLEAN; OFFICER MATCHEL, shield
no. 16928; SERGEANT WOROBEY, NYPD 079th precinct; OFFICER RAHMAN,
shield no. 28165; POLICE OFFICER ONE, NYPD 079TH precinct, deprived plaintiff
of his constitutional and statutory rights.

43.   Plaintiff alleges that defendants' THE CITY OF NEW YORK; OFFICER
JOSEPH KAZLAS; RAYMOND W. KELLY; OFFICER CALEEF MCCLEAN;
OFFICER MATCHEL, shield no. 16928; SERGEANT WOROBEY, NYPD 079th
precinct; OFFICER RAHMAN, shield no. 28165; POLICE OFFICER ONE, NYPD
079TH precinct, actions are causally related to his injuries.

44.   Plaintiff alleges that as a result of the defendants' THE CITY OF NEW YORK;
RAYMOND W. KELLY; OFFICER JOSEPH KAZLAS; OFFICER CALEEF
MCCLEAN; OFFICER MATCHEL, shield no. 16928; SERGEANT WOROBEY,
NYPD 079th precinct; OFFICER RAHMAN, shield no. 28165; POLICE OFFICER
ONE, NYPD 079TH precinct, actions caused his damages.

45.   Plaintiff alleges that an official policy, Stop, Question, and Frisk, of the NYPD
caused his constitutional and statutory injuries.

## COUNT II
## IMPROPER HIRING IN VIOLATION OF 42 U.S.C. § 1983

46.   Plaintiff re-alleges Paragraphs 1 through 45 and incorporates them by reference
as Paragraphs 1 through 45 of Count II of this Complaint.

47.   Plaintiff alleges that defendant THE CITY OF NEW YORK deprived him of his constitutional rights by hiring defendants' OFFICER JOSEPH KAZLAS; OFFICER CALEEF MCCLEAN; OFFICER MATCHEL, shield no. 16928; SERGEANT WOROBEY, NYPD 079th precinct; OFFICER RAHMAN, shield no. 28165; POLICE OFFICER ONE, NYPD 079TH precinct.

48.   Plaintiff alleges that defendant THE CITY OF NEW YORK decision to hire defendants' OFFICER JOSEPH KAZLAS; OFFICER CALEEF MCCLEAN; OFFICER MATCHEL, shield no. 16928; SERGEANT WOROBEY, NYPD 079th precinct; OFFICER RAHMAN, shield no. 28165; POLICE OFFICER ONE, NYPD 079TH precinct, reflects a deliberate indifference to the risk that a violation of a constitutional or statutory right would follow.

49.   Plaintiff alleges that as a result of defendant THE CITY OF NEW YORK decision to hire defendants' OFFICER JOSEPH KAZLAS; OFFICER CALEEF MCCLEAN; OFFICER MATCHEL, shield no. 16928; SERGEANT WOROBEY, NYPD 079th precinct; OFFICER RAHMAN, shield no. 28165; POLICE OFFICER ONE, NYPD 079TH precinct, he sustained constitutional and statutory injuries.

### COUNT III
### FAILURE TO TRAIN IN VIOLATION OF 42 U.S.C. § 1983

50.   Plaintiff re-alleges Paragraphs 1 through 49 and incorporates them by reference as Paragraphs 1 through 49 of Count III of this Complaint.

51.   Plaintiff alleges that defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

52.   Plaintiff alleges that the situation either presents the employee with a difficult choice of the sort that training will make less difficult or that there is a history of employees mishandling the situation.

53.   Plaintiff alleges that mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

54.   Plaintiff alleges that as a result of defendant THE CITY OF NEW YORK's failure to train its employees he sustained constitutional and statutory injuries.

**COUNT IV**
**FAILURE TO SUPERVISE IN VIOLATION OF 42 U.S.C. § 1983**

55.   Plaintiff re-alleges Paragraphs 1 through 54 and incorporates them by reference as Paragraphs 1 through 54 of Count IV of this Complaint.

56.   Plaintiff alleges that defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

57.   Plaintiff alleges that the situation either presents the employee with a difficult choice of the sort that supervision will make less difficult or that there is a history of employees mishandling the situation.

58.   Plaintiff alleges that mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

59.   Plaintiff alleges that as a result of defendant THE CITY OF NEW YORK's failure to supervise its employees he sustained constitutional and statutory injuries.

**COUNT V**
**MALICIOUS PROSECUTION IN VIOLATION OF**
**THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION**
**AND 42 U.S.C. § 1983**

60.   Plaintiff re-alleges Paragraphs 1 through 59 and incorporates them by reference as Paragraphs 1 through 59 of Count V of this Complaint.

61.   Plaintiff alleges that as a direct results of acts, omissions, and policies of the Defendants, Mr. Morgan was deprived of his rights in the use of malicious prosecution under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

## REQUESTS FOR RELIEF

WHEREFORE the Plaintiff respectfully request that the Court:

62.  Declare that Defendants' actions violated Mr. Morgan's rights under the Fourth Amendment of the United States Constitution;

63.  Award compensatory damages for injuries sustained by Mr. Morgan;

64.  Award punitive damages to Mr. Morgan from the officers' who effectuated, malicious prosecution through issuing spurious summons.

65.  Issue an injunction requiring the Defendants to seal or expunge from their records, including but not limited to the NYPD's stop, question and frisk database, any information concerning Mr. Morgan relating to his December 2011 incident;

66.  Grant any other relief the Court deems necessary and proper.


Dated: Brooklyn, New York
March 4, 2013

OMEIL N. MORGAN
*By Pro Se THE PLAINTIFF.*
956 East 84th Street
Brooklyn, NY 11236
Email: omeil.morgan1@yahoo.com
(347) 356 - 2856



**CIVILIAN COMPLAINT REVIEW BOARD**
40 RECTOR STREET, 2ND FLOOR
NEW YORK, NEW YORK 10006 ♦ TELEPHONE (212) 442-8833
www.nyc.gov/ccrb

MICHAEL R. BLOOMBERG
MAYOR

JOAN M. THOMPSON
EXECUTIVE DIRECTOR

January 9, 2012

Mr. Omeil Morgan
956 East 84th Street
Brooklyn, NY 11236

RE: OCD 201200031

Dear Mr. Morgan:

The Civilian Complaint Review Board (CCRB) acknowledges the receipt of your complaint.

The CCRB has jurisdiction to investigate complaints filed against officers of the New York City Police Department that allege excessive use of force, abuse of authority, discourtesy, or use of offensive language, including slurs relating to race, ethnicity, religion, gender, sexual orientation and disability. We have determined that your complaint does not fall within the board's jurisdiction, either because the allegations do not fall within our jurisdiction or because the subject of the allegations is a civilian employee of the police department.

The Office of the Chief of Department (OCD) of the New York City Police Department has jurisdiction to investigate complaints that question the validity of summonses and arrests, and the competence with which police officers perform their general duties; it is also authorized to investigate complaints filed against civilian employees of the police department. Therefore, we have referred your complaint to the Office of the Chief of Department for investigation.

An OCD control number has been obtained for you and it appears at the top of this page. An investigator assigned by the Office of the Chief of Department will contact you and will handle all further action regarding your complaint.

If you have any questions, please contact the Office of the Chief of Department, 300 Gold Street 3rd Floor, Brooklyn, New York 11201, telephone number (718)-834-3382. Please refer to your OCD control number when making all inquiries.

Sincerely,

Denise Alvarez
Director of Case Management

*ExHiBit 1*

# Complaint Report (CCRB)

| | | | |
|---|---|---|---|
| **CCRB Case No :** | 201200031 | **C/V Report Date :** | Fri, 12/30/2011  10:13 PM |
| **Complaint Type :** | OCD | **Investigator :** | Not Assigned |
| **Complaint Made At :** | CCRB | **Ref. No :** | |
| **Received Date (CCRB) :** | Fri, 12/30/2011  10:13 PM | **Mode :** | Call Processing System |
| **Incident Date :** | Wed, 09/28/2011  12:20 PM | **Location :** | Street/highway |
| **Place of Occurrence :** | 488 Greene Avenue | **Precinct :** | 79 |
| | | **Boro :** | Brooklyn |

**Reason for Initial Contact :** Other

**Charges :**  Summons - other violation/crime

## Complainant/Victim Details

| | | |
|---|---|---|
| **Name :** | Omeil Morgan | **Type :** Comp/Victim |
| **Address :** | 956 East 84th Street Brooklyn NY 11236, USA | |

**Contacts :**

| | | | | |
|---|---|---|---|---|
| **Gender :** | Male | **Ethnicity :** Black | | **Date of Birth :** |
| **Person Assisting :** | | | | |
| **Injury Details :** | | | | |

| | | |
|---|---|---|
| **Name :** | An individual | **Type :** Victim |
| **Address :** | Unknown  , USA | |

**Contacts :**

| | | |
|---|---|---|
| **Gender :** | **Ethnicity :** | **Date of Birth :** |
| **Person Assisting :** | | |
| **Injury Details :** | | |

## Officer(s) Named in Complaint

| Rank | Officer | S/W Officer | Tax No | Race | Cmd | Allegations/Board Dispositions |
|---|---|---|---|---|---|---|
| POM | Joseph Kazlas | Subject Officer | 941991 | White | 079 | |
| POM | Caleef Mcclean | Subject Officer | 942157 | Black | 079 | |
| | Officers | Subject Officer | | | | |

# Complaint Report (CCRB)

## Initial Complaint Narrative

Mr. Morgan was seated in his truck with his coworker, whom he did not identify, and they were waiting to leave the scene of the job they had just completed at 488 Greene Avenue in Brooklyn. Officers in a marked van were waiting at a stoplight and pulled over. The officer from the passenger seat came to the passenger side of Mr. Morgan's truck and asked if they had seen anyone running nearby in the past hour. The officer later mentioned that there had been a robbery nearby. The officer eventually asked Mr. Morgan's coworker to get out of the truck. An officer asked Mr. Morgan for his ID and he supplied it. PO Kaslaz, whose shield number Mr. Morgan gave as 7769, took out an iPhone and began to record as he questioned Mr. Morgan. PO Kaslaz eventually handed the phone to another officer, PO3, who continued recording. Mr. Morgan did not obtain PO3's information. The officers never asked Mr. Morgan for the registration for his truck.

Mr. Morgan eventually received summons #433564403-6 for unlawful possession of marijuana (PL 221.05). Mr. Morgan noted that his date of birth, make/model of his vehicle, and time of occurrence were noted incorrectly on the summons. Mr. Morgan called 911 at 12:27 pm while the incident was occurring because he felt threatened. He noted that he took photographs during the incident.

Mr. Morgan supplied a vehicle number 8521-09. The officers were dressed in uniform and were from the 79th Precinct. Mr. Morgan later went to the 79th Precinct stationhouse, where an officer informed him what the summons was issued for, as he could not read it himself.  Mr. Morgan provided an additional shield number 10690. He gave 8521 as a shield number as well, which does not exist in CTS.

## Witness

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

CERTIFICATE OF DISPOSITION
NUMBER:47056

THE PEOPLE OF THE STATE OF NEW YORK
VS.

**NO FEE**

**MORGAN, OMEIL**

06/22/1978

DEFENDANT

DATE OF BIRTH

**956 E 84TH ST**

ADDRESS

**BROOKLYN          NY      112363802**

12/28/2011

CITY                    STATE   ZIP

ISSUE DATE

DOCKET NUMBER:**2012SK022398**

SUMMONS NUMBER: **4335644036**

**PL 221.05 00 0V**

ARRAIGNMENT CHARGES

CASE DISPOSITION INFORMATION:

| DATE | COURT ACTION | JUDGE | PART |
|------|--------------|-------|------|
| 04/23/2012 | DISMISSED | WILSON,J | AP2 |

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

05/02/2012

**SEALED**

COURT OFFICIAL SIGNATURE AND SEAL         DATE

Pursuant to Section 160.50 of the CPL

(CAUTION:  THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE
          COURT SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

EXHiBit 2

----------------------------------------------------------------------X

OMEIL NOVADO MORGAN,                                    <u>NOTICE OF CLAIM</u>

                 Plaintiff,

      - against –

CITY OF NEW YORK, MICHEAL R. BLOOMBERG,
MAYOR OF THE CITY OF NEW YORK, RAYMOND
W. KELLY, COMMISSIONER OF THE CITY OF
NEW YORK DEPARTMENT OF POLICE, DEFENDANTS
OFFICER ONE, OFFICER TWO, OFFICER THREE,
OFFICER FOUR, OFFICER FIVE, OFFICER SIX,

                Defendants.
----------------------------------------------------------------------X

**TO:**  **The CITY OF NEW YORK**

**Plaintiff, by Pro Se pursuant to provisions of 28 U.S.C. § 1654, Complaint, upon information known, and belief, allege the following:**

### COMPLAINT

### INTRODUCTION

1.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution, and under the Constitution of New York State, against Officer One, Officer Two, Officer Three, Officer Four, Officer Five and Officer Six, police of the City of New York, in their individual capacities and against the City of New York.

2.     It is alleged that the individual police officer defendants violated through intrusion of the person of Omeil N. Morgan, violating his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants committed conspiracy in falsifying evidence against Omeil N. Morgan. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

### Parties

1.     Omeil N. Morgan was at all material times a resident of City of New York, New York, and of full age.

2.     Defendant Officers were at times relevant to this complaint duly appointed and acting officers of the police department of the City of New York, acting under color of law, to wit, under color of the statues, ordinances, regulations, policies, customs and usages of New York States and/or the City of New York.

ExHiBiT 3

3.      The City of New York, New York, is a municipal corporation and the public employer of the said officers.

4.      Defendant MICHEAL R. BLOOMBERG ( "Mayor Bloomberg") is the Mayor and chief executive officer of the City and, as such, is responsible under Section 8 of the New York City Charter as magistrate for the effectiveness and integrity of city government operations and for establishing and maintaining such policies and procedures as are necessary and appropriate to accomplish this responsibility, including the implementation of effective systems of internal control by each agency and unit under the jurisdiction of the mayor. Mayor Bloomberg is being sued in his official capacity as Mayor of the City of New York.

5.      Defendant RAYMOND W. KELLY, ("Commissioner Kelly") is chief executive officer of the police force; as such he shall be chargeable with and responsible for the execution of all laws and the rules and regulations of the department. Commissioner of the City of New York Police Department is empowered under Section 434 of the City Charter to regulate the City Police Department. He is being sued in his official capacity.

**Facts**

6.      On or about December 28, 2011, at approximately 12:15pm, Omeil N. Morgan and Oridian Beadle, were lawful pedestrians who had finished moving job at 488 Greene Avenue by the corner of Nostrand Avenue, Brooklyn, New York

7.      As Omeil N. Morgan and Oridian Beadle got in motor vehicle parked across from 488 Greene Avenue waiting to leave. A City of New York Police patrol van passed and stopped behind cars at traffic light. With truck running, Morgan the driver indicated to pull out of parking, as light change police van drive off to stop in crosswalk.

8.      Shortly thereafter defendant officer one approach truck waiting to pull out of parking. Officer came to passenger side that Oridian Beadle opened door to hear what officer was questioning, while all of the other defendants officers came out of their mark patrol van. Officer one asked if we had seen anyone running in the area as he stated there was a robbery, we answered no and further explained we had just finished a moving job across the street.

9.      As other defendant officers surrounded motor vehicle, police officer one stated he smelled marihuana and stated it's against penal code. Further, officer one then told Oridian Beadle to step out of the motor vehicle and led him to driver side window. Omeil Morgan sat with truck still running and asked officers if they were following protocol, based on officers conduct. Police officer two ask for driver license, which plaintiff Morgan asked why and furnished to officer without getting reason or cause of stop.

10.     Then police officer three, started to question plaintiff Omeil Morgan on having marihuana in company vehicle. Plaintiff Morgan declined to answer officer line of questioning repeatedly asking if they were following the law, so officer remove an

iphone from his pocket while still questioning plaintiff. Morgan asked if he could take out his camera to photograph the incident, the officers didn't say anything. Morgan photographed the officers' actions while being questioned and recorded by officer three who also passed iphone to another officer.

11.     After being recorded while questioned and repeatedly asking officers to stop, Morgan called 911 at 12:27pm out of concerns of police officers abusing their power, due to the defendant police officers refusal to aid him.

12.     In response, defendant officer gave defendant summons #433564403-6 for unlawful possession of marihuana (PL 221.05). Plaintiff Morgan protested the summonses that were issued to him and Oridian Beadle. Plaintiff Morgan had not physically resisted or assaulted the defendants in any way, and the violations against him were unnecessary, unreasonable and excessive.

13.     The defendant officers never searched Morgan person or the truck that he was driving. Police officer three claimed he found marihuana in the truck.

14.     After receiving summons, Morgan drove at a distance behind defendant police officers to the City of New York Police 79th Precinct, where he parked and went inside to see and photographed the evidence claimed to have been found in the truck.

15.     At no time during the events described above, was plaintiff Omeil N. Morgan intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. He had not committed any criminal offenses.

16.     The defendant police officers had no warrant for the arrest of plaintiff, no probable cause for the arrest of the plaintiff and no legal cause or excuse to seize the person of the plaintiff

17.     At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

18.     As a direct and proximate result of the said acts of the defendant Officers, the plaintiff Omeil N. Morgan suffered the following injuries and damages:
    a.  Violation of his constitutional rights under the First, Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person


19.     The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of Omeil N. Morgan:
    a.  Freedom from unreasonable search and seizure.
    b.  Freedom from the intrusion of privacy against his person.

**COUNT I  42 U.S.C. § 1983 Against Individual Defendants**

20.   Paragraph 1 through 19 are incorporated herein by reference as though fully set forth.

21.   Plaintiff Omeil N. Morgan claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendants Officer One, Two, Three, Four, Five and Six for violation of his constitutional rights under color of law.

## COUNT II 42 U.S.C. § 1983 Against Municipal Defendants

22.   Paragraph 1 through 19 are incorporated herein by reference as though fully set forth.

23.   Prior to December 28, 2011, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in City of New York, which caused the violation of Omeil Morgan rights.

24.   It was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York, including, but not limited to, plaintiff's incident.

25.   It was the policy and/or custom of the City of New York to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

26.   As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

27.   The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

The undersigned claimant therefore presents this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by the law from the date of presentation to you, the claimant intends to commence an action on this claim.

THE PLAINTIFF,

BY

Omeil Morgan

347 356-2856

956 East 84. St
BK, NY 11236
Flr, Basement

BERNADINE ANTOINE
Notary Public, State of New York
No. 01AN6138776
Qualified in Kings County
Commission Expires  3-30-201 4



Copy Right 2013 Omeil N. Jr

ppy Right 2013. Oneil Morgan, Exhibit 5



Copyright 2013 Conrad Morgan, J Alabata











Copyright 2013, Oneil Morgan, 1 John 4:6





